The court will proceed to the fifth case, the United States v. Sanders. Ms. Day. Good morning. I represent Vickie Sanders in this appeal. Basically Ms. Sanders raises two issues. The first issue is that recidivist sentencing in her situation is contrary to the plain language of 21 U.S.C. section 841 and in this instance subsection B1b. Because in her case a California court vacated the felony upon which her recidivist enhancement rested. Ms. Sanders was sentenced in 1996 on a felony drug case. In about 2014 California passed Proposition 47 and determined that for all purposes people situated as Ms. Sanders is, that that conduct was actually now qualified as misdemeanor conduct and it was made retroactive to the time, well retroactive in every case. So definitely to the time of her conviction in 1996. Laws change all the time. Laws change all the time. This is a little bit different in this particular situation. Was that a marijuana issue? Yes. So someone decided well marijuana is no longer all that bad so they changed the law. Actually I believe Proposition 47 may have been a bit more broad than that but in our instance we're talking about a case involving I believe it was possession of marijuana. And basically Ms. Sanders wasn't singled out. This was applied retroactively. California made a determination that that particular offense was simply not felony conduct. It's misdemeanor conduct. Ms. Sanders made application pursuant to Proposition 47. And her sentence was, or excuse me, the case was amended from a felony to a misdemeanor and she was sentenced for misdemeanor effective on the date of the 1996 judgment. That sentence then ultimately was used by the government and applied by the court as being a qualifying basis for her to receive an enhancement pursuant to 21 U.S.C. Section 851. That required her to have at least two qualifying priors and then it increased her mandatory minimum from five years to ten years. The situation here is unlike many of the other cases that we have seen where courts have said, and this court in particular has said, that the nature of the case does not get rid of the conviction for purposes of 851. For instance, this court has said that in situations involving cases where defendants plead guilty but they get deferred prosecution, that in those cases 851 can apply. And part of that is based on the fact that there was a guilty plea and so a conviction for felony conduct and it's simply the defendant's good behavior that gets that case later dismissed. Also, there have been cases involving expungements and that's the similar sort of situation. A defendant serves their sentence, shows good behavior for however long the statute for their state requires, and then they can go back and seek to have a sentence expunged. Courts have found, and this court has found, that in those types of situations 851 is still triggered because there is still the fact of a felony conviction. This is a different situation, however. California has said that this is no longer a felony conviction. In fact, it is a misdemeanor conviction. And so what has happened as a result is that a misdemeanor conviction was used as one of the qualifying felony convictions to impose a recidivist sentence on Ms. Sanders. The current state, I think here, this particular issue has not been settled by this court. But a couple other circuits. A couple of other circuits have. Recently, the Third Circuit went along with the Ninth Circuit in the Diaz holding. The Diaz holding was the Ninth Circuit holding. I know that it's a little bit odd that we're here saying we're in the Ninth Circuit for this underlying case and the Ninth Circuit has decided against us. I think the Ninth Circuit, their reasoning is faulty in that it doesn't really deal with points in the Supreme Court's cases of Johnson and the footnote, I believe it was, in McNeil. I think it was in that case. Basically, the Supreme Court also hasn't reached this issue but has given an indication that if a state court retroactively makes this type of change, that you follow the state court's lead on this and that it would then be treated as a misdemeanor. Where did it give that indication? In McNeil, they expressly reserved the right. They didn't address it, but where are you getting that indication from? Well, in Johnson, and I apologize, I'm looking at this. In Johnson, I think that the government in that case shared Johnson's view that he was entitled to federal resentencing now that the state had vacated one of the judgments supporting his enhancement. And in McNeil, the footnote said, as the government notes, this case does not concern a situation in which a state subsequently lowers the maximum penalty applicable to an offense and makes that reduction available to defendants previously convicted. And it does say we do not address whether or under what circumstances a federal court could consider the effect of that state action. So, yes, you're correct, and I should clarify that. But I think it's clear that this is something that is contemplated. I mean, that they're saying is, by that, I mean, there is a different situation here. And they're acknowledging that it's something different than they had before them at that point in time. And I think what does make that different is the fact that the state has said that this is certainly applicable based not on anything the individual does but to this entire group of people because the state of California has determined that that conduct does not qualify at all for felony purposes. So it's a misdemeanor across the board, so it is just a different situation. And Proposition 47 indicated that it was for all purposes, and this would be one of those purposes. Also, we have, I want to briefly touch on the second primary argument, and that is due process, equal protection, and federalism principles of the Fifth and Tenth Amendments to the Constitution. Noting that we have two different burdens there because I raised the due process argument at the district level but I didn't bring the equal protection and the federalism. But I think when you look at this situation where we're talking about the fact that this applies to a particular group of people not based upon their rehabilitation or any other good conduct on their behalf but it applies simply for making application to this. And when you look at that, I think it's very clear that there's an equal protection problem here. There's also a due process problem. I think it was interesting that in New York when they had the Rockefeller laws amended, or amended the Rockefeller laws there in one of their courts that even said, you know, unfortunately in some of those cases they didn't fully reach this issue either. And so I think it is still very open for further review. I see that I have about a minute, less than a minute and a half remaining. I'd like to reserve that time. Thank you, Ms. Day. Mr. Norwood. Good morning, Your Honors. May it please the court and counsel. I really don't have much to say. I think the cases are clear on what the situation is with respect to Proposition 47 and how it affects 851 enhancements. There is one thing I do want to say. It does not affect any of the analysis, but I thought her prior conviction involved cocaine and not marijuana. It was possession of controlled substance, and I thought it was cocaine. But that's in the pre-sentence report that the court has, and you can review it. But I think the case law is clear, and I think the rationale and the policy behind the case law makes perfect sense as to why Proposition 47 does not affect a person's status as a prior convicted felon for having a prior felony drug offense. And I have really nothing to add. I think the court understands the issue. If there's no questions. Thank you, Your Honors. Thank you, Mr. Norwood. I'll be very brief as well. The pre-sentence report says controlled substance, and I believe that Mr. Norwood is correct. No, I think it actually was cocaine as opposed to marijuana. And as I said, the statute reached a bit further than that, finding that those crimes simply did not need to have a felony punishment, and they made that retroactive. And I think that when looking at all of the principles that are here before the court, I think looking at the differences here between what happened with Proposition 47 versus other situations that have come before this court, I think this is more like a vacator of sentence. And so the felony has been vacated. All we have is a misdemeanor. And on behalf of Ms. Sanders, I am making the request that this court remand this case for resentencing consistently. Thank you, Ms. Day. Thank you, Mr. Norwood. Case is taken under advisement.